| | | |
|---|---|---|
| MICHAEL WILLIAM WELLS, #1398183 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv723 |
| | § | *Consolidated with* 4:11cv724 and 4:11cv725 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael William Wells, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his convictions, alleging violations of his right to effective assistance of counsel and due process.

## I. BACKGROUND

Petitioner is complaining about his Grayson County convictions for indecency with a child and two counts of aggravated sexual assault of a child, Cause Nos. 051406, 051407, and 051408. Petitioner pleaded not guilty to the charges, but he pleaded "true" to two prior convictions for burglary. A jury found him guilty of each offense and found the enhancements to be true for both of the prior convictions. On September 18, 2006, the trial court sentenced Petitioner to three 45-year sentences, to run concurrently. The Eighth Court of Appeals affirmed his convictions on April 23, 2009. *Wells v. State*, Nos. 08-07-00062, 08-07-00063, 08-07-00064 (Tex. App.– El Paso, April 23, 2009). The Texas Court of Criminal Appeals (CCA) then refused his petitions for discretionary review (PDR) on September 30, 2009, *Wells*, PD-0716-09, 0717-09, 0718-09. The CCA denied his

1

applications for state writ of habeas corpus without written order based on the findings of the trial court on October 12, 2011. *Ex parte Wells,* Application Nos. 76,135-01, 76,135-02, 76,135-03.

Petitioner filed the present petition, alleging numerous grounds of relief based on ineffective assistance of counsel; specifically, he complains of trial counsel's failure to:

1. Investigate an extraneous offense and object to the inadequate notice provided by the State;

2. Move to quash the indictment because it was brought in bad faith, vindictively, and with ill will.

3. Investigate the prior convictions raised as enhancements by the State;

4. Sever cause number 51406 involving RC from cause numbers 51407 and 51408 involving CW;

5. Move for a curative instruction and mistrial when CW testified to extraneous offenses, in which Petitioner allegedly committed sexual assault on her;

6. Object to an additional extraneous offense involving CW;

7. Object to Officer Jack Melson's testimony on the grounds that he was not a qualified outcry witness;

8. Obtain and review any and all videotaped statements made by CW;

9. Object to the admission of an overly prejudicial photograph of CW;

10. Object to the prosecutor bolstering the credibility of the complainants during final argument;

11. Object to the information concerning unadjudicated offenses in the presentence report;

12. Obtain copies of the police report, the SANE exam report and supplemental report performed on CW;

13. Call Laverne Archey to testify as a hostile witness for the defense in order to demonstrate her personal animosity toward Petitioner;

14. Seek funds to obtain a defense expert witness to testify on Petitioner's behalf;

15. Call Detective Sikes to testify;

16. Call CW's brothers to testify for the defense; and

17. Allow Petitioner to testify on his own behalf during the guilt/innocence phase of trial.

Finally, Petitioner complains that:

18. His due process rights were violated based on new evidence that he produced, which supports a claim of actual innocence.

Respondent provided a Response, asserting that Petitioner's claims are without merit to which Petitioner filed a Reply.

## II. STATEMENT OF FACTS

The Eighth Court of Appeals summarized the evidence presented:

In Cause No. 51406, Appellant was charged with intentionally or knowingly causing the penetration of the female sexual organ of R.C., a child under the age of fourteen, with his finger. In Cause No. 51407, Appellant was charged with touching the genitals of C.W., a child under the age of 17, with the intent to sexually arouse and gratify himself. In Cause No. 51408, Appellant was charged with intentionally and knowingly penetrating the female sexual organ of C.W., a child under the age of fourteen with his finger.

Officer Jack Melson testified that R.C. was brought in by her grandmother with reported allegations of sexual abuse in August of 1997. R.C. told Officer Melson that her stepfather, Mr. Wells, had sexually assaulted her. After getting out of the bathtub, R.C. complained to her stepfather that it was hurting when she went to the restroom. He told her to go get on the bed and get on her hands and knees. He then put his finger in her. Officer Melson stated R.C. had told her of another incident after they

3

had left Sherman, TX. Defense counsel objected on the basis of hearsay, but was overruled by the trial court. R.C. said that Mr. Wells told her he was going to take her to a cemetery and have sex with her. However, she started crying and told him to take her home, which he did. The county attorney did not pursue the case because the victim no longer wished to proceed.

R.C. testified at trial as well. R.C. testified to the same events as Officer Melson. She stated that she used to get urinary tract infections, and one night after she got out of the bathtub, she told her stepfather about it, and he had her get on her hands and knees on top of the bed. He put his finger inside of her, but she told him to stop. R.C. also testified that when she was fifteen he told her he was going to take her to the cemetery, turn her over the hood, and "pop her cherry."

R.C. also testified that her sister C.W. had come to stay with her at her home, and had told her some things that Appellant had done to her. C.W. had told her that he would make her watch adult videos, tried to penetrate her, and would "touch her down there." R.C. told her mother about it, who said she would handle it, but R.C. eventually called the district attorney and Sherman Police Department. On cross-examination, defense counsel solicited testimony that R.C. and her grandmother were upset with Mr. Wells, and made up the allegations of sexual assault.

C.W. testified that when she was eleven, she was watching television with Appellant when he put his hands on top of her "private area" and rubbed her. She testified to another incident where he pulled over while they were driving home, and walked out into the woods and had her perform oral sex on him. C.W. also testified that Appellant would have her watch dirty movies and masturbate him. C.W. stated that Appellant had tried to have sex with her, but she told him no and started to cry so he stopped. C.W. stated that on more than one occasion, Appellant put his finger inside of her. On cross-examination, defense counsel questioned her about being angry with her mother and Appellant for lying to her about Appellant being her biological father.

L.S. testified that she knew Mr. Wells because he was married to her aunt. When she was fourteen or fifteen, she went into the bedroom and laid down beside him, and Mr. Wells attempted to put his hand down her pants. She pushed him off and told him no. On cross-examination, defense counsel questioned L.S. about meeting with her cousins, R.C. and C.W., before any police report was filed and discussing the incidents.

Defense counsel called one witness, Joanna Wells, mother of Appellant. Ms. Wells stated she had spoken with C.W. about the allegations she had made. She had asked C.W. why she had not told the truth, and C.W. responded if she had then they would know she had lied. Ms. Wells stated that C.W. has a problem telling the truth, and is a very good liar.

*Wells*, slip op. at 2-3.

### III.  FEDERAL HABEAS CORPUS RELIEF

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991);  *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000);  *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997).  The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it

"applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519.

A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a

"denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter,* 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed.2d 624 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786. Section 2254(d), as amended by AEDPA, "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this court's precedents. It goes no farther." *Id*. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*.; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013). "As

a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. 98, 131 S. Ct. at 784.

AEDPA also states that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254( e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez*, 274 F.3d at 948 n. 11. This presumption is especially strong where, as in this case, the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 449 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S. Ct. 84, 148 L. Ed.2d 46 (2000)).

Further, the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court, except for the narrow exceptions contained in § 2254(e)(2). Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, " it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would not be helpful to a federal habeas petitioner. 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). If a habeas petitioner failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he

establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). Failing to meet this standard of diligence will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *Williams*, 529 U.S. at 436, 120 S. Ct. at 1490. Even if a petitioner can meet the foregoing standard, it is within this court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims, in numerous grounds for relief, that his trial counsel was ineffective.

**Legal Standard**

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

## **Failure to Investigate, Object and File Motions**

Trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Trial counsel's failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). To succeed on such a claim, a petitioner must show that the trial court would have sustained the objection and that it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's

performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Finally, when analyzing whether trial counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). A court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).

### *Failure to Investigate and Object to Extraneous Offense Testimony*

Petitioner alleges that his trial counsel was ineffective for failing to investigate and object to extraneous offense testimony. He asserts that, had his counsel investigated, he would have learned that the offense did not occur in Grayson County. He complains that his attorney failed to object to the inadequacy of the notice provided by the State. Petitioner also complains that counsel should have objected to testimony from Laverne Secrest, who stated that Petitioner attempted to put his hand down her pants when she was fourteen or fifteen.

The Texas Code of Criminal Procedure provides that evidence may be offered by the State as to any matter the court deems relevant to sentencing, including, but not limited to, prior criminal

record, general reputation, character, and any other evidence of extraneous crimes or bad acts that is shown beyond a reasonable doubt to have been committed by the defendant, regardless of whether he has previously been charged with or finally convicted of the crime or act. Tex. Crim. Proc. Code Ann. art. 37.07 § 3(a).

The state habeas court considered the issue and made the following findings:

15.     Trial counsel, G. Talmadge Nix III investigated the prior extraneous offenses in this case.

16.     Trial counsel did not object to the adequacy of the notice regarding that extraneous offenses based on "surprise" because trial counsel was not surprised.

17.     The state provided two notices of extraneous offenses as well as complete discovery in this case [that] adequately apprised trial counsel of the subject matter and details of the extraneous offenses.

*Ex parte Wells*, Application No. 76,135-01, at 71. The record shows that, after filing a request for notice of the State's intention to use extraneous offenses at trial, the State filed two notices of intent as well as an amended notice. In its amended notice, the State apprised Petitioner of its intent to use the following extraneous offense:

That on or about January 1, 1994, in Grayson County, Texas, the Defendant did then and there sexually assault Laverne Secrest, a child under the age of 17 and not the spouse of the Defendant.

*State's Clerk's Record*, at 25. At the guilt/innocence phase of trial, the court held a hearing outside of the presence of the jury to decide if Laverne Secrest should be allowed to testify to the incident that occurred between her and Petitioner. The State argued that Secrest should be allowed to testify to rebut the defense's theory of the offense. During the hearing, the State pointed out that notice was provided by an offense report and discovery.

Trial counsel cross-examined Secrest thoroughly on relevant issues during the hearing and then, again, when she testified before the jury. Trial counsel was able to get Secrest to admit that the date was "off." He also elicited testimony from Secrest that she did not file a police report or file charges against Petitioner. Trial counsel argued that Secrest's testimony was uncorroborated, the notice provided by the State was incorrect in its date, the act that allegedly occurred was lawful, and no offense was ever charged.

On appeal, Petitioner raised a similar claim, asserting that the trial court abused its discretion in admitting Secrest's testimony. The appellate court found that the testimony was admissible to rebut a defensive theory and that it did not have a prejudicial effect on the jury. *Wells,* slip op. at 4-8. Thus, since the evidence was admissible, trial counsel cannot be ineffective for failing to object. Petitioner has failed to show that the trial court would have sustained an objection and that it would have changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner has failed to show that trial counsel did not investigate or that an objection was warranted. Failure to make meritless objections does not result in ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). He has failed to show what further investigation would have revealed and how it would have altered the outcome of his trial. *Gray*, 677 F.2d at 1093. Petitioner has failed to rebut the presumption of correctness to which the state findings are entitled. *Valdez*, 274 F.3d at 947. Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-

18; *Childress*, 103 F.3d at 1224-25.   He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at  784.

### Failure to Move to Quash the Indictment

Petitioner also alleges that his counsel was ineffective for failing to make a motion to quash the indictment in cause number 51406 because it was allegedly brought in bad faith, with ill will, and vindictively.   He asserts that his defense was destroyed by the passage of time, in violation of due process.  Petitioner claims that he told his attorney that the victim, RC, as well as his mother-in-law, harbored personal animosity towards him and had told police of the same charges in 1997, but no prosecution resulted.   Petitioner claims that the State resurrected the charge concerning RC to substantiate the charged alleged by CW.

Trial counsel filed an affidavit in the state proceedings, explaining that he did not move to quash the indictment because he was "unaware of any legal ground" in which to do so. *Ex parte Wells*, Application No. 76,135-01 at 58-59. He also noted that he did not believe there was any maliciousness involved in the case; rather, it was filed after the victim became cooperative and willing to proceed with the case. *Id*.  It is within the prosecutor's discretion to charge a defendant so long as there is probable cause to believe the defendant committed the crime. *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L. Ed.2d 604 (1978).  Petitioner has not shown that the prosecutor did not have probable cause to indict him of the offense against RC, nor has he shown selective prosecution.  Petitioner also has not shown that he was indicted outside of the limitations period or that the passage of time tainted the indictment.   Petitioner has failed to show a basis for his attorney to object, and counsel is not required to make futile objections. *Emery*, 139 F.3d at 198. Moreover, the state habeas court considered this issue, and found:

18. Trial counsel did not move to quash the indictment in 51406 on the basis of malicious prosecution or because his viable defenses had been destroyed by the passage of time.

19. Based on his investigation of this case and my knowledge of the prosecutors involved, trial counsel did not believe there was any maliciousness involved in this case.

20. The prosecution on RC's case was refiled after the victim became cooperative and willing to proceed with the case.

21. These cases were charged within the appropriated statute of limitations and trial counsel is unaware of any viable defense [that] was lost to the applicant due to time.

*Ex parte Wells*, Application No. 76,135-01 at 71-72. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Petitioner has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

**Failure to Investigate Prior Convictions Used as Enhancements**

Petitioner next asserts that his trial counsel failed to investigate the prior convictions used to enhance his convictions. He claims that, had counsel investigated, he would have discovered that his prior Oklahoma conviction for burglary was only a probated sentence that was never revoked. However, the record shows that Petitioner pleaded "true" to both enhancements for burglary of a

habitation. He was asked in open court if he was the individual that was convicted of the two offenses of burglary, to which he replied, "yes, sir." Transcript of Trial vol. 3 at 6-7, *Wells*. Additionally, in open court, he stipulated to having committed the two prior felony offenses. Transcript of Trial vol. 5 at 6, *Wells*.

A plea of "true" to an enhancement paragraph waives any subsequent challenge to the validity of a prior conviction. *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). Furthermore, formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Trial counsel, in his affidavit, stated that he investigated the enhancements:

> I investigated the applicant's prior convictions pleaded by the State to enhance the range of punishment. I obtained a copy of the applicant's full criminal history. That history indicated two consecutive convictions for burglary out of Oklahoma, and appeared to show that prison time had been assessed in each. Based upon my discussions with the applicant, I did not have any reason to believe otherwise or any reason to further research those priors. I have since been informed that one of the prior convictions was a probated sentence. However, the applicant, when I questioned him, did not tell me that he had only served probation or gave me any information that would have necessitated a further investigation.

*Ex parte Wells*, Application No. 76,135-01 at 59. When the state habeas court considered this issue, it adopted trial counsel's explanation for his decision not to object. *Id.* at 72. "Based upon his discussions with the applicant, trial counsel did not have any reason to believe the criminal history was incorrect or that there was any reason to further research those priors." *Ex parte Wells*, Application No. 76,135-01 at 72. Petitioner has failed to rebut the presumption of correctness to which the state findings are entitled. *Valdez*, 274 F.3d at 947. He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

*Failure to Move to Sever*

Next, Petitioner argues that he was prejudiced when his trial counsel failed to file a motion to sever the case concerning RC from the other two cases concerning CW. He asserts that he would have been granted a separate trial for the RC offense, which occurred in 1991. Petitioner supports his argument by citing to Article 37.07, section 39(a) of the Texas Code of Criminal Procedure. Prior to 1993, when the statute was amended, unadjudicated extraneous offenses were not allowed to be introduced at the punishment stage of a criminal trial. Petitioner claims that, had his trial counsel moved to sever, evidence of the unadjudicated offense against RC would not have been admitted in the punishment phase of a trial for his offenses against CW. He asserts that there is a reasonable probability that the sentence imposed would have been significantly less, and that he was prejudiced by the State being able to demonstrate a pattern of sexual abuse by the joinder of the two cases.

Article 36.09 of the Texas Code of Criminal Procedure states that the decision to sever is within the trial court's discretion. Tex. Crim. Proc. Code Ann. § 36.09 (West 2001); *Garza v. State*, 622 S.W.2d 85, 91 (Tex. Crim. App. 1980). Under Texas Penal Code section 3.02(a), the State was permitted to try Petitioner for all three offenses in the same trial. It allows one single trial for all offenses arising out of the same criminal episode, defined as the commission of two or more offenses. It allows offenses to be tried together that are a common scheme or plan or that are the repeated commission of the same or similar offenses. Tex. Pen. Code Ann. § 3.02(a)(1)(2) (Vernon 2003).

The offenses in this case against RC and CW satisfy the penal code's definition of "criminal episode" as they are a repeated commission of a similar offense and also constitute a common

scheme or plan. *Id*. Thus, there is no abuse of discretion in trying all three offenses in the same trial. *Id*. Since trying all three offenses together in one trial is permissible, trial counsel cannot be ineffective for failing to object or file a motion to sever. Petitioner has failed to show that the court would have granted a motion to sever. *Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Additionally, trial counsel had a strategic reason for not moving to sever:

> I did not file a motion to sever cause number 51406 from the other two cases with a different victim. Based on my training and experience, I believe the State would have been able to present extraneous offense evidence in both cases and the information from RC's case and CW's cases would have been presented in both cases - one to prove the primary offense and the other to rebut the appellant's defensive theory that the Grandmother had coached the victims into making an outcry.

*Ex parte Wells*, Application No. 76,135-01 at 59. The trial court would have allowed RC's testimony as evidence in a trial concerning CW under Rule 404(b) of the Texas Rules of Evidence. That rule permits evidence of other crimes, wrongs, or acts to be admitted to prove motive, intent, opportunity preparation, plan, knowledge, identity or absence of mistake or accident to rebut a defensive theory. *United States v. Pruett*, 681 F.3d 232, 244-45 (5th Cir. 2012). Thus, Petitioner cannot show prejudice under *Strickland*.

Petitioner has not shown that counsel was ineffective for failing to move to sever. Nor has he shown that trial counsel's decision was not a product of reasoned trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The state habeas court adopted this reasoning and the record supports it. *Ex parte Wells*, Application No. 76,135-01 at 72-73. Petitioner has failed to rebut the presumption of correctness to which these findings are entitled. *Valdez*, 274 F.3d at 947. He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### CW's Testimony Concerning Extraneous Offenses

Petitioner next contends that trial counsel was ineffective for failing to object and move for a curative instruction and mistrial when CW testified to extraneous offenses of sexual abuse by Petitioner against her. He claims that he was prejudiced because the jury was given the impression that he repeatedly committed acts of sexual abuse on CW. This same argument is raised again when Petitioner claims counsel was ineffective for failing to object to specific extraneous offense evidence. Trial counsel addressed this issue in his affidavit filed in the state habeas proceedings:

> The applicant also alleges that I was ineffective for failing to object, request an instruction to disregard, and move for a mistrial when victim CW was permitted to testify to extraneous offenses done by the applicant to CW and for failing to object under Texas Rule of Evidence 404(b) and 403. He is not specific as to which extraneous offenses. During the course of the trial, I had decided that our trial strategy would be to present evidence and argue that the alleged victims had been coached into outcry. I was aware that article 38.37 of the Texas Code of Criminal Procedure expanded the admissibility of extraneous acts evidence in trial involving certain offenses committed against a child under seventeen years of age. Specifically, I knew that section 2 of that statute, notwithstanding Rules 404 and 405, . . . [allowed] evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense [to] be admitted for its bearing on relevant matters, the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and child. With that in mind, I was aware that it might open the door to the discussion of other victims or uncharged conduct, but felt that it was worth the risk in order to present the most viable defense available to the applicant. My decisions regarding possibly objectionable testimony were based on what the testimony was, whether I believed the Court would sustain the objections, and the effect such objections might have on the jury. All decisions made during trial were made as a result of our chosen trial strategy.

*Ex parte Wells*, Application No. 76,135-01 at 59-60. At trial, CW testified to the events leading up to Petitioner sexually assaulting her. She said, that when she was eleven years old, Petitioner put his hand on her and rubbed her private area as they were watching television. She testified that he took her out into the woods and made her perform oral sex on him. She also said Petitioner forced

her to masturbate him while they watched pornographic movies. Transcript of Trial vol. 3 at 31-33, *Wells*. This testimony is admissible under article 38.37 of the Texas Code of Criminal Procedure. The testimony is relevant to the underlying offense of aggravated sexual assault, it demonstrates the mind of the defendant and child, and their previous and subsequent relationship. An objection to admissible evidence would have been futile, and counsel is not required to make futile objections. *Emery*, 139 F.3d at 198. Instead of objecting, trial counsel attempted to elicit testimony to suggest that CW was not being truthful because she was resentful after only recently learning that Petitioner was not her biological father. Trial counsel also attempted to attack her credibility by questioning why she had never told law enforcement about the other incidents of sexual misconduct by Petitioner.

Petitioner has failed to show that an objection would have been sustained. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.,* 466 U.S. at 689, 104 S. Ct. at 2065. Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and relevant facts are made. *Id.,* 466 U.S. at 690, 104 S. Ct. at 2066. The state habeas court entered findings of fact adopting the content of trial counsel's affidavit. *Ex parte Wells*, Application No. 76,135-01 at 87-88. Petitioner has failed to rebut the presumption of correctness to which these findings are entitled. *Valdez*, 274 F.3d at 947. He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Object to Officer Melson's Testimony

Petitioner next asserts that his trial counsel was ineffective for failing to object to Officer

Melson's testimony concerning RC's outcry statement. Petitioner argues that Officer Melson was not a qualified outcry witness and the State failed to comply with the notice requirements pursuant to Article 38.072 of the Texas Code of Criminal Procedure.

Texas Code of Criminal Prcoedure Article 38.072 provies an exception to the hearsay rule, allowing the State to introduce outcry statements by a child victim of certain offenses that otherwise would be considered inadmissible hearsay. It allows a child victim under the age of twelve years old to make an outcry statement to an adult over the age of eighteen. To invoke this hearsay exception, notice is required as well as a hearing. *Long v. State*, 800 S.W.2d 545, 546 (Tex. Crim. App. 1990). The statement is not considered inadmissible hearsay if:

    (1)    the party intending to offer the statement timely notifies the adverse party of its intention to do so and provides the name of the witness and a summary of the statement;

    (2)    the trial court finds, in a hearing conduced outside the presence of the jury, that the statement is reliable based on time, content, and circumstances of the statement; and

    (3)    the child testifies or is available to testify at the proceeding.

Tex. Crim. Proc. Code Ann. art. 38.072 § 2(b) (Vernon 2006).

In all three cases, trial counsel filed a motion for notice and a written summary of hearsay statements and a motion for hearing pursuant to Article 38.02. It appears that the State did not provide notice as to the outcry witness of the sexual assault of RC, and no hearing was held. In the state habeas proceedings, trial counsel submitted an affidavit explaining his decision not to object:

> I considered objecting to the testimony of Officer Melson, but did not believe the objection would be effective because his testimony was not necessarily presented for the truth of the matter, but rather to show what the officer did and why an investigation began and then was dismissed. At the time I made a strategic decision to abstain from objecting to prevent from annoying or antagonizing the jury.

> Strategically, I did not believe the evidence presented by Officer Melson was damaging enough to the applicant to risk turning the jury against us.

*Ex parte Wells*, Application No. 76,135-01 at 60. The Fifth Circuit has made it clear that out-of-court statements are not hearsay when offered to prove something other than the truth of the matter asserted, i.e., reason for a search, arrest, or background information relating to an officer's investigation. *See, e.g., United States v. Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989). In *Dunnigan*, the Fifth Circuit determined that an FBI agent's testimony as to the description of the defendant, told to him by a witness, was not hearsay because it was not admitted for its truth, but rather, to explain the actions of the investigators. *United States v. Dunnigan*, 555 F.3d 501, 508 (5th Cir. 2009). Texas courts recognize that evidence that otherwise might be considered hearsay, when admitted for something other than its truth, does not violate the hearsay rule. *See, e.g., Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *Schneider v. State*, 951 S.W.2d 856, 864 (Tex. App.–Texarkana 1997, pet. ref'd).

Officer Melson testified that RC's grandmother brought RC in when RC was 15 year old to report allegations of past sexual abuse. He testified concerning an incident occurring when RC was approximately six years old. This prompted the beginning of an investigation. "She stated that her stepfather told her to go get on the bed and get on her hands and knees and then he put his finger inside her." When the State asked Officer Melson of other incidents that RC told him about, trial counsel made a hearsay objection, which was overruled. Officer Melson said that he filed the case with the county attorney's office, but then RC declined to go further on the case, so the case was abandoned. Trial counsel's conclusion that, had he objected pursuant to article 38.072, the testimony would have been admitted anyway because it was not presented for its truth, is supported by the

record. His hearsay objection was overruled. Moreover, Officer Melson's testimony, as told to him by the victim, was cumulative to other testimony presented at trial. RC testified to the same information as Officer Melson. She testified that, when she was nine years old, Petitioner would penetrate her with his finger. Thus, even if counsel's performance could be considered deficient, Petitioner cannot establish prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The admission of cumulative testimony does not amount to ineffective assistance of counsel. *Harrison v. Quarterman*, 496 F.3d 419, 425 (5th Cir. 2007).

Furthermore, Petitioner presented this claim in his state habeas proceedings, and the state court found that trial counsel"made a strategic decision to abstain from objecting to Melson's testimony to prevent annoying or antagonizing the jury." *Ex parte Wells*, Application No. 76,135-01 at 74. Petitioner has failed to rebut the presumption of correctness to which these findings are entitled. *Valdez*, 274 F.3d at 947. Petitioner has failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Obtain and Review the Videotape

Next, Petitioner argues that his counsel was ineffective for failing to obtain and review a videotaped statement made of CW when she was interviewed by CPS. However, the record does not include a videotape. Petitioner raised this issue in his state habeas proceedings. The state habeas court found that trial counsel received complete discovery and there were no videotapes. *Ex parte Wells*, Application No. 76,135-01 at 75. The state habeas court also found that trial counsel requested a copy of the videotapes, but was told that none exist. *Id*. Petitioner has failed to show

deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

**Failure to Object to the Admission of a Photograph of CW**

Petitioner claims that counsel was ineffective for failing to object to a photograph of CW when she was 2 or 3 years old. He argues that the alleged offense occurred when she was 12 and that the photograph of the 2 or 3-year-old CW was misleading. The state habeas court considered this issue, noting that trial counsel made a strategic decision not to object because it would have called more attention to the photograph, and might make it appear to the jury that they were trying to hide something. *Ex parte Wells*, Application No. 76,135-01 at 75.

CW testified that she was 11 when Petitioner first touched her inappropriately and penetrated her with his finger. The SANE nurse testified that CW was 11. It was clear that CW was 11 when Petitioner began the sexual touching. The photograph in question shows CW as a toddler with her sister, RC, who was 11 or 12 at the time of the photo. Because RC testified that she was 8 or 9 when Petitioner first started sexually assaulting her, the photograph showed what RC looked like near that time. To obtain relief for trial counsel's failure to object, Petitioner must have shown that the objection would have been sustained. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to meet his burden. Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id*.

Moreover, trial counsel noted that he made a strategic decision not to object, concerned that it would draw unwanted attention from the jury. An attorney may render effective assistance despite

a failure to object when the failure is a matter of trial strategy. *Burnett*, 982 F.2d at 930. Petitioner has failed to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065.

Furthermore, the state habeas court, after considering this issue, denied relief. *Ex parte Wells*, Application No. 76,135-01 at 80. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### *Failure to Object to the Prosecutor Bolstering the Credibility of Witnesses*

Petitioner argues that counsel was ineffective for failing to object to the closing argument. Specifically, he complains about the following comments from the prosecutor concerning CW during closing:

> You listened to her today. Those are no lies. Those are no excuses. That's not making up anything.
>
>     . . .
>
> Daddies don't force their little girls to perform oral sex on them. That's not what

they do.  Little girls don't make up those sorts of things.

Transcript of Trial vol. 3 at 143-44, *Wells*.

Claims of prosecutorial misconduct are determined on a case by case basis.  *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988).  Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious."  *Id*. at 831.  It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced.  *See Huffman*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986).  Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Id*.  In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial.  *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995).  Moreover, the burden is on the habeas petitioner to show a reasonable probability that, but for the remarks, the result would have been different.[1]  *Id*.

A prosecutor may not personally vouch for the credibility of a witness.  *United States v. Washington,* 44 F.3d 1271, 1278 (5th Cir. 1995).  However, in rebuttal, a prosecutor may do so when

---

[1]Counsel's failure to object to an argument at trial is an indication that it was not perceived as  having a substantial adverse effect.  *Id*.

26

the defense is attacking the credibility of the State's witnesses. *Id*. A prosecutor may also recite inferences and conclusion that he wishes the jury to draw, including which witnesses were credible. *Id*. No improper bolstering of a witness was found when the prosecutor recited certain evidence from the record "and then attempt[ed] to persuade the jury to arrive at a certain conclusion based on that evidence. *Id*. at 1279.

In the present case, trial counsel attacked the credibility of two complainants in his closing, arguing that their statements were incredulous and inconsistent: "There's just simply too many gaps, too many holes, and too many inconsistencies for anyone to believe reasonable doubt doesn't exist." Transcript of Trial vol. 3 at 130-31, *Wells*. In response to trial counsel's argument, the prosecutor rebutted with comments pointing to CW's believability. Trial counsel interpreted the prosecutor's argument simply as argument: "The prosecutor did not testify, nor did she present any "bolstering" evidence." *Ex parte Wells,* Application Nos. 76,135-01 at 61. He continued, "the prosecutor's argument was proper and there was no strategic reason to raise objections during closing arguments." *Id.*

In this instance, the prosecutor's closing arguments were not improper. Thus, there was no reason for counsel to object. Counsel is not required to make futile objections. *Emery*, 139 F.3d at 198. Petitioner also fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The state habeas court found that there was no strategic reason for counsel to object. *Ex parte Wells,* Application Nos. 76,135-01 at 76. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### *Failure to Object to Unadjudicated Offenses in Presentence Report*

Petitioner next claims that his trial counsel was ineffective for failing to object to the admission of unadjudicated offense evidence contained in the presentence report during the punishment phase of trial. He maintains that counsel instructed him to plead "true" to the enhancement provisions. However, Petitioner provides nothing other than his self-serving conclusory allegations as support. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner provides no support for his claim that his trial counsel coerced him into pleading "true" to the enhancements. He fails to specify which unadjudicated offense his counsel should have objected to, and why. Moreover, since 1993, it is well-settled that the admission of unadjudicated offenses during the punishment phase is allowed. Tex. Crim. Proc. Code Ann. art. 37.07, § 3(a); *Givens v. Cockrell,* 265 F.3d 306, 309 (5th Cir. 2001). Petitioner raised the same issue in his state habeas proceedings, and the court found:

61. It is unclear from the applicant's briefings which extraneous offense he would have had trial [counsel] object to at punishment.

62. Trial counsel found that once the applicant decided to let the judge set his punishment, any strategic value in attempting to hide the applicant's past from the judge would not have aided the applicant's case.

*Ex parte Wells,* Application Nos. 76,135-01 at 76. Petitioner fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He fails to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Obtain Copies of SANE report and Police Report

Petitioner complains that his trial counsel should have obtained copies of Exhibits A, B, and C, the report and supplement report made by Detective Sikes, and the SANE nurse's report. However, trial counsel stated in his affidavit that he received all of the reports. *Ex parte Wells,* Application Nos. 76,135-01 at 62. The state habeas court considered this claim, and found that "Trial counsel received all of Detective Sikes' report and all of the SANE report by Carolyn Ridling." *Id.,* at 76-77. Petitioner fails to provide anything other than his conclusory allegation in support. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Additionally, Petitioner fails to show that there is a reasonable probability that, but for

counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## Failure to Call Uncalled Witnesses

Petitioner asserts that his trial counsel was ineffective when he failed to call various witnesses to assist in Petitioner's defense

## Legal Standard

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984).

Moreover, to succeed on the claim, Petitioner must show that, had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable, and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041, 105 S. Ct. 524, 83 L.

Ed.2d 412 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

### Failure to Call Laverne Archey, Expert Witness, Detective Sikes, CW's Brothers

Petitioner asserts that his trial counsel should have called Laverne Archey to testify so that he could demonstrate her personal animosity against him. He faults counsel for not calling an expert witness to testify on the issues of childhood memory and the danger of fabrication of sexual abuse charges. He claims counsel was ineffective for failing to call Detective Sikes as a witness. Petitioner also asserts that counsel should have called CW's brothers to testify since "they would have been aware of something out of the ordinary occurring between the petitioner and CW had it occurred."

In the instant case, Petitioner has failed to show that any of his prospective witnesses were available and willing to testify, or that their testimony would have been in his favor. *Alexander*, 775 F.2d at 602. He has failed to name any expert witness that has stated that he/she was willing, able, and available to testify. *Id*. Further, Petitioner has failed to provide the substance of any such testimony. *Id*. Additionally, trial counsel gave strategic reasons for his decision not to call the witnesses and the state habeas court agreed with his reasoning, entering findings of fact supported by the record:

> 53. Trial counsel, based on his investigation into the case, did not believe that either Detective David Sikes or any siblings of CW and/or RC had any relevant, admissible evidence to add to the defense in these three cases.

> 54. Detective Sikes' testimony regarding the findings of a SANE nurse would have been inadmissible hearsay.

> 55. The SANE nurse testified ,and the evidence of her findings, or lack thereof, were presented to the jury.

56. Trial counsel had no strategic reason to call Sikes as a witness regarding the SANE exam results.

57. Based on his investigation, trial counsel did not believe that the brothers of the victims had any probative evidence, for or against the applicant. Trial counsel found no strategic reason to call either of them.

*Ex parte Wells,* Application Nos. 76,135-01 at 76. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He fails to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065.

Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Call Petitioner to Testify

Petitioner also asserts that trial counsel should have called him to testify on his own behalf. A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483

U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37 (1987). However, Petitioner has not shown that he wished to testify and that counsel refused his request. He also has not shown that the decision not to call Petitioner to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. A review of the record shows that the court gave admonishments concerning Petitioner testifying on his own behalf. It also shows that, on the record, Petitioner freely and voluntarily chose not to testify:

> Trial counsel: And you have freely and voluntarily chosen not to testify; is that correct?
>
> Petitioner: Yes.
>
> Trial counsel: Not anything I forced you to do or coerced you to do or went against your will; is that correct?
>
> Petitioner: Yes, that's correct.

Transcript of Trial vol. 3 at 88-89, *Wells*. Formal declarations in open court carry with them a strong presumption of truth. *Allison*, 431 U.S. at 74, 97 S. Ct. at 1629. The state habeas court found that trial counsel advised Petitioner that, based on his criminal history, he should not testify and open himself up to cross-examination, but that the ultimate decision whether to testify belonged to Petitioner. *Ex parte Wells,* Application Nos. 76,135-01 at 75. The state habeas court then found, "The applicant knowingly and intelligently waived his right to testify on his own behalf, as is reflected in the Reporter's Record in Volume 3, pages 88 through 89." *Id.*

Moreover, Petitioner has not shown what his testimony would have been had he testified. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.

Petitioner also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to show prejudice.

In sum, Petitioner has not supplied the identity of any expert witnesses who would have testified. He has not provided affidavits of the uncalled witnesses. He has not shown that the uncalled witnesses would have appeared and testified favorably at trial. He has failed to overcome the presumption that trial counsel was not acting on a trial strategy. He has not shown that he did not voluntarily choose not to testify on his own behalf. Unsupported assertions are not sufficient to overcome the strong presumption that the decisions regarding witnesses and evidence were not part of counsel's trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.

Furthermore, Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has failed to overcome the strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray*, 736 F.2d at 282. Petitioner is also not entitled to relief because he has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## V. ACTUAL INNOCENCE

Petitioner lastly claims that his due process rights were violated because he has provided newly discovered evidence that shows he is actually innocent of the offenses for which he was convicted. The Due Process Clause provides the guarantee of fair procedure related to a constitutionally protected interest. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108

L. Ed.2d 100 (1990). Due process guarantees that a government actor cannot deprive a person of a constitutionally protected interest in life, liberty, or property without adequate procedural protections. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S.532, 533, 105 S. Ct. 1487, 1489, 84 L. Ed.2d 494 (1985). The key to a procedural due process claim is whether the petitioner was afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest. *Id*.

**Legal Standard**

The court first notes that a claim of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315, 115 S. Ct. 851, 861, 130 L. Ed.2d 808 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862-63, 122 L. Ed.2d 203 (1993)). *See also Rocha v. Thaler*, 626 F.3d 815, 824 (5th Cir. 2010). This basic principle was recently reaffirmed by the Supreme Court in *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1931, 185 L. Ed.2d 1019 (2013), and by the Fifth Circuit in *Burton v. Stephens*, 543 F. App'x 451 (5th Cir. 2013).

To the extent that Petitioner is trying to raise a stand alone claim of actual innocence, he has no basis in law to support the argument. In both *McQuiggin* and *Rocha*, the petitioners were trying to overcome procedural problems by arguing actual innocence in order to have their ineffective assistance of counsel claims considered on the merits. In *Rocha*, the Fifth Circuit stressed that a petitioner must make a "sufficient gateway showing of actual innocence to justify having his federal habeas claim considered on the merits." 626 F.3d at 825 (citing *House v. Bell*, 547 U.S. 518, 522, 553-54, 126 S. Ct. 2064, 2068, 2086, 165 L. Ed.2d 1 (2006)).

The Supreme Court has stressed that the burden of showing actual innocence is extraordinary:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable jury would have convicted him in light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice. At the same time, the showing of "more likely than not" imposes a lower burden of proof than the "clear and convincing" standard required under *Sawyer*. The *Carrier* standard thus ensures that petitioner's case is truly "extraordinary."

*Schlup*, 513 U.S. at 327, 115 S. Ct. at 867.

The Supreme Court has further illuminated the standard enunciated in *Schlup*. "First, although '[t]o be credible' a gateway claim requires 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial,' [*Schlup*, 513 U.S.] at 324, 115 S. Ct. at 851, the habeas court's analysis is not limited to such evidence," *House*, 547 U.S. at 537, 126 S. Ct. at 2077. The "habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *Id.*, 547 U.S. at 538, 126 S. Ct. at 2077 (quoting *Schlup*, 513 U.S. at 327-28, 115 S. Ct. at 851). Then, "[b]ased on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, 513 U.S. at 329, 115 S. Ct. at 851).

Second, "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538, 126 S. Ct. at 2077 (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 851). Although "in the vast majority of cases, claims of actual innocence are rarely successful," (quoting 513 U.S. at 324, 115 S. Ct. at 851), the *Schlup* standard does not require absolute certainty

about the petitioner's guilt or innocence. *Id.* Instead,

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror would have a reasonable doubt.

*Id.* Finally, the Supreme Court explained that "the gateway actual-innocence standard is 'by no means equivalent to the standard of *Jackson v. Virginia*, 442 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1970),' which governs claims of insufficient evidence." *Id.* (quoting *Jackson*, 442 U.S. at 330, 99 S. Ct. at 2781). Instead, '[b]ecause a *Schlup* claim involves evidence the jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." *House*, 547 U.S. at 538, 126 S. Ct. at 2078. This may include consideration of "the credibility of the witnesses presented at trial." *Id.* at 537-38, 126 S. Ct. at 2078 (quoting *Jackson*, 442 U.S. at 330, 99 S. Ct. at 2781).

More recently, the Fifth Circuit discussed the type of evidence that must be presented in order to satisfy the actual innocence standard:

> Proving such a claim is daunting indeed, requiring the petitioner to show, as a factual matter, that he did not commit the crime of conviction. The petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Such new, reliable evidence may include, by way of example, exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.

*McGowen v. Thaler*, 675 F.3d 482, 499-500 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 647, 184 L. Ed.2d 482 (2012) (internal quotation marks and citations omitted).

### Affidavits from Seacrest and Wells

In the instant case, Petitioner presents two affidavits – one from his brother-in-law, Bobby

Mack Seacrest, and one from JoAnn Wells.  The state habeas court considered this issue, and found:

Finding 70.     The affidavit from the applicant's brother-in-law, Bobby Mack Seacrest, consists of Mr. Seacrest's opinion that his mother, Laverne Archey, coerced the two victims in these three cases into fabricating the charges.

Finding 71.     The affidavit of JoAnn Wells alleges that one of the victims, RC, admitted to Ms. Wells in 2003 that she was lying about the applicant's abuse against RC.

Finding 72.     The allegations in Ms. Wells' affidavit were known prior to the applicant's trial and were actually testified to by Ms. Wells at the trial.

* * *

Concl. 8.     The applicant fails to present any new evidence.

Concl. 9.     Mr. Seacrest's opinions regarding the veracity of the witnesses in this case are opinion, not evidence.

Concl. 10.     The allegations in Ms. Wells' affidavit are not dispositive of applicant's claim of innocence (citations omitted).

Concl. 11.     The applicant has failed to produce newly discovered evidence [that] would prove that he was actually innocent in any of the three cases.

Concl. 12.     The applicant has failed to prove by a preponderance of the evidence that he is actually innocent of the allegations in each case.

*Ex parte Wells,* Application Nos. 76,135-01 at 77.   The affidavit of Wells was not new evidence, and the affidavit of Secrest is simply his opinion – not evidence.

Petitioner fails to show that he provided new evidence in support of his actual innocence claim.   *House*, 547 U.S. at 537, 126 S. Ct. at 2077.  The state habeas court considered this issue, and found that Petitioner failed to produce newly discovered evidence that would prove that he was actually innocent in any of the three cases.  *Ex parte Wells,* Application Nos. 76,135-01 at 80.  It

also found that Petitioner failed to prove by a preponderance of the evidence that he is actually innocent of the allegations in each case. *Id.* State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has also failed to show that he was not afforded the quantity of process to which he was constitutionally entitled prior to the deprivation of a protected interest. *Loudermill*, 470 U.S. at 533, 105 S. Ct. at 1489.

Petitioner has also failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## VI. CONCLUSION

Petitioner has failed to show that any of his issues have merit. He has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. Additionally, Petitioner fails to show that he provided new evidence in support of his actual innocence claim and that, by a preponderance of the evidence, he is actually innocent of the

allegations. *House*, 547 U.S. at 537, 126 S. Ct. at 2077. Further, in each of his claims, Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. He has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784. Accordingly, his petition should be denied and his case dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.
**SIGNED this 29th day of March, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE